# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER IWANICKI, | ) |
| | ) Civil Action No. 10 - 1373 |
| Petitioner, | ) |
| | ) District Judge David S. Cercone |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA; PENNSYLVANIA | ) |
| COURTS; PENNSYLVANIA | ) |
| DEPARTMENT OF CORRECTIONS and | ) |
| PENNSYLVANIA BOARD OF | ) |
| PROBATION AND PAROLE | **)** |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Petition for a Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.     REPORT**

Petitioner, Christopher Iwanicki, a state prisoner currently incarcerated at the State Correctional Institution at Mercer, Pennsylvania, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges decisions made by the Pennsylvania Board of Probation and Parole (the Board) in denying him release on parole. For the reasons set forth below, the Petition should be denied.

**A. Relevant Factual and Procedural History**

The record evidence reveals a long and tortured criminal history for Petitioner. Relevant to the instant Petition is a sentence he received on April 27, 2004, for five consecutive terms of

one year, four months to five years incarceration for five violations of 18 Pa. Cons. Stat. § 2709(a)(2) (Stalking) and three consecutive one year terms of probation for three violations of 18 Pa. Cons. Stat. § 2709(a)(4) (Harassment) in Chester County Case No. CP-15-CR-90-2004. The aggregate term of incarceration imposed in this sentence is six (6) years, eight (8) months to twenty-five (25) years incarceration. His minimum release date for this sentence was December 27, 2010 and his maximum date is April 27, 2029. On September 20, 2005, the Superior Court of Pennsylvania affirmed his judgment of sentence in Case No. CP-15-CR-90-2004 (ECF No. 20-3, pp. 50-70).

Prior to the expiration of his minium sentence, on August 31, 2010, Petitioner was interviewed and evaluated for release on parole by the Pennsylvania Board of Probation and Parole. By Notice recorded on November 2, 2010, the Board denied his application as follows.

> AS RECORDED ON NOVEMBER 2, 2010, THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
>
> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOU ARE DENIED PAROLE/REPAROLE. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:
>
> YOUR NEED TO PARTICIPATE IN AND COMPLETE ADDITIONAL INSTITUTIONAL PROGRAMS.
>
> YOUR PRIOR UNSATISFACTORY SUPERVISION HISTORY.
>
> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.

> YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
>
> YOU ARE TO BE REVIEWED IN OR AFTER SEPTEMBER, 2011.
>
> AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:
>
> WHETHER YOU HAVE SUCCESSFULLY PARTICIPATED IN/SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR SUBSTANCE ABUSE-THERAPEUTIC COMMUNITY (BASED ON OFFENSE HISTORY AND ADMITTED USE OF ALCOHOL).
>
> WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.
>
> WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD.
>
> OFFENDER'S DETAILED WRITTEN VERSION OF OFFENSE TO BE AVAILABLE AT TIME OF REVIEW.
>
> OFFENDER TO PROVIDE WRITTEN DETAIL RELAPSE PREVENTION PLAN.

ECF No. 20-6, pp. 1-2.

### B. Availability of Federal Habeas Corpus Relief

A prisoner may be granted federal habeas corpus relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Petitioner's habeas petition does not state a cognizable basis for federal habeas corpus relief because it fails to assert any violation of constitutional or federal law associated with the Board's actions in denying his application for release on parole.

As an initial matter, it is extremely unclear exactly what grounds Petitioner is raising in regards to his parole denial. Because Petitioner repeatedly references the Fourteenth Amendment, the Court will assume he is attempting to assert that the Board's actions violated his due process rights. Due process is guaranteed through the Fourteenth Amendment of the United States Constitution. The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The "procedural" aspect of the Due Process Clause requires the government to follow appropriate procedures to promote fairness in governmental decisions; the substantive aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression. Daniels v. Williams, 474 U.S. 327, 329-33 (1986). (citations omitted.)

To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. Daniels v. Williams, 474 U.S. 327, 339 (1986). If a person does not have a constitutionally-protected interest, he or she is not entitled to the procedural protections afforded by the Due Process Clause. A constitutionally-protected interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. Hewitt v. Helms, 459 U.S. 460, 466 (1983). A liberty interest "inherent" in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed by its revocation is a serious deprivation requiring that the prisoner be accorded due process. Gagnon v. Scarpelli, 411 U.S. 778, 781 (1973). Liberty interests that fall within this category include the revocation of parole, Morrissey v. Brewer, 408 U.S. 471 (1972), and the revocation of probation, Gagnon, 411 U.S. at

778. However, the granting of parole prior to the expiration of a prisoner's maximum term is not a constitutionally-protected liberty interest that is inherent in the Due Process Clause. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Thus, Petitioner must show that he has a liberty interest in parole that arises under state law.

The existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Instead a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor. *Cf.* Sandin v. Conner, 515 U.S. 472, 487 (1995). In this regard, the Pennsylvania Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest arising under state law in being released on parole prior to the expiration of their maximum terms.[1] Pennsylvania law unambiguously provides that a prisoner is not entitled to release from prison until the expiration of his maximum sentence.[2] Nothing in the Pennsylvania Parole Act (or any other provision of Pennsylvania law) requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on

---

1. *See, e.g.*, McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288 (E.D. Pa. 1993); Mickens-Thomas v. Commonwealth, Bd.. of Probation and Parole, 699 A.2d 792 (Pa. Commw. Ct. 1997) (parole is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); Tubbs v. Pennsylvania Bd.. of Probation and Parole, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term . . . the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), *appeal denied*, 637 A.2d 295 (Pa. 1993).
2. A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. 38, 41, 483 A.2d 1044, 1047 (1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon

parole. Although a prisoner is eligible for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time. *Accord* Newman v. Beard, Civil No. 08-2652, 2010 WL 3211135, at* 6 (3d Cir. Aug. 16, 2010). Thus, Petitioner has failed to show a violation of his procedural due process rights with respect to the Board's actions in denying him release on parole.

Notwithstanding, several courts, including the Court of Appeals for the Third Circuit, recognize that, even though an inmate has no protectable liberty interest in parole that implicates procedural due process, his substantive due process rights may be violated if parole is denied by arbitrary government action.[3] In this regard, the constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them.[4] Some courts have determined that decisions to grant or deny parole may violate a prisoner's right to substantive due process if such decisions are based on arbitrary and capricious factors. The Supreme Court has declined to set forth a precise rule that defines the scope of impermissible "arbitrary" conduct for purposes of applying the substantive component of the Due Process Clause. Nonetheless, the Court has clarified that governmental conduct does not violate a person's substantive due process rights unless it amounts to an abuse of official power that "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

---

serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by the Board. *Id.*
3. *See, e.g.*, Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991); Newell v. Brown, 981 F.2d 880, 886 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993); Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980); Carter v. Kane, 938 F. Supp. 282 (E.D. Pa. 1996).
4. *See also* Collins v. Harker Heights, 503 U.S. 115, 126 (1992) (the Due Process Clause was intended to prevent government officials from abusing power, or employing it as an instrument of oppression); Wolff v. McDonnell, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

Applying this standard, the United States Court of Appeals for the Third Circuit rejected substantive due process challenges to state parole board decisions in Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001), and Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). In Coady, the prisoner insisted that the decision of the Pennsylvania Board of Probation and Parole violated substantive due process because the board used constitutionally impermissible criteria to deny parole, applied erroneous descriptions of the conduct underlying his offense, and considered false information. The Third Circuit rejected Coady's claims on the grounds that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487.

In Hunterson v. DiSabato, the Third Circuit reversed an order granting the writ to a New Jersey inmate who claimed that a parole board decision imposing a five-year future eligibility term was arbitrary, capricious, and an unreasonable abuse of discretion. As the Third Circuit explained:

> this type of constitutional challenge to a state [parole] proceeding is not easily mounted. We have made clear that the federal courts, on habeas review, are not to second-guess parole boards, and the requirements of substantive due process are met if there is some basis for the challenged decision .... The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times conscience shocking or deliberately indifferent.

Hunterson, 308 F.3d at 246-47 (citations and internal quotation marks omitted).

In the case at bar, the Board's specified reasons for denying Petitioner's parole application are, on the face of them, in accordance with its statutory directives. In granting

- 7 -

parole, the Board is required to consider the nature and character of the offense committed, the general character and history of the prisoner, the written or personal statement or testimony of the victim or victim's family, and the recommendations of the trial judge, the district attorney and of each warden or superintendent who has had control over the applicant. 61 Pa. Cons. Stat. § 6135. Moreover, the Board is prohibited from granting parole unless the Commonwealth will not be injured thereby. *See* 61 Pa. Stat. § 6137(a).[5]

The record in this matter clearly establishes Petitioner's poor candidacy for parole. With respect to his current sentence, the trial court noted the following.

> In determining an appropriate sentence, this court considered the fact that since 1990 Iwanicki has had over fourteen (14) misdemeanor convictions. Many of these convictions include crimes of violence, some of which were committed while Iwanicki was still on parole and probation. Iwanicki does not comprehend the gravity of his offenses and continuously disregards the law and this Court's orders. He has demonstrated that he is incapable of abiding by our society's rules. Iwanicki has assaulted his estranged wife and children, police officers and a constable whose resultant injuries required medial attention. Iwanicki is obsessed with his estranged wife. This obsession with when coupled with his anger and alcohol consumption produces an out of control, violent and dangerous individual, likely to cause injury to Desiree. Iwanicki is a threat to his family and the community. Past attempts at rehabilitation, probation and parole have been unsuccessful. The sentencing range for each felony stalking conviction is six (6) months to (16) months. Iwanicki's violent and extremely dangerous behavior merits a sentence at the top of the standard range for each of his stalking convictions consecutively to each other, as they are separate and distinct offenses. A three (3) year consecutive probation was also imposed for the misdemeanor harassment convictions.
>
> Given Iwanicki's lack of remorse, risk he will commit another violent crime, the extensive misdemeanor convictions over the last fourteen (14) years, denial of an alcohol problem, the

---

5. The Parole Act was repealed by 2009 Pa. Laws 33 and the statutes currently are codified at 61 Pa. Cons. Stat. §§ 6132 and 6135 (2010).

> obsession with his estranged wife, and serious need of treatment, a sentence of eighty (80) to three hundred (300) months in a State Correctional Facility is proper and appropriate.

ECF No. 20-3, p. 47-48.

In reviewing the Board's exercise of discretion in denying an application for parole, this Court's only role "is to insure that the Board followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious nor based on impermissible considerations." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980).[6] The Board identified legitimate reasons for exercising its discretion in denying petitioner's applications for early release from prison. The Board's reasons for denying Petitioner's application for parole are in accordance with its statutory mandate to protect the well being of the Commonwealth's citizens. Without a doubt, the safety of the public and the interests of the Commonwealth are injured by releasing prisoners who require additional treatment programs or other types of counseling, have a substantial history of unsatisfactory supervision history while on parole, present a risk to the community and who minimize and deny the nature and circumstances of their offenses. As such, Petitioner has failed to demonstrate that he is entitled to habeas corpus relief under the substantive prong of the Due Process Clause. *Accord* Banks v. Pennsylvania Bd. of Probation and Parole, 2004 WL 906296, at *4 (E. D. Pa. April 28, 2004) ("[T]he Board's decision that Petitioner may require continued participation in a prescriptive program does not constitute an

---

6. Great respect and deference is due the interpretation given a statute by the officers or agency charged with its administration. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 n.9 (1984). This deference is particularly important where an agency is charged with implementing a comprehensive and complex administrative program. Richardson v. Wright, 405 U.S. 208, 209 (1972). Where an administrating agency has interpreted the statute, a reviewing court is bound by the Chevron "rule of deference." *Id*. A court may not substitute its own construction of a statutory provision for a reasonable interpretation by an administrating agency. Chevron, 467 U.S. at 844. Agency interpretation is reasonable and controlling unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id*. Thus, this court must defer to the Board's reasonable interpretation of the mandates of the Parole Act, which it is charged with

- 9 -

arbitrary or capricious decision."); Shaffer v. Meyers, 338 F.Supp.2d 562, 566 (M.D. Pa. 2004) ("On the basis of the record before the court, and the stated reasons for the Parole Board's denial of parole, the court concludes that there was a rational basis for the denial of parole."); Cohen v. Pennsylvania Bd of Probation and Parole, 1998 WL 834101 (E.D. Pa. Dec. 2, 1998) (holding that the denial of parole despite recommendation from prison psychiatrist does not state a violation of substantive due process).

Petitioner further seems to take specific issue with the fact that the Board considered the nature of his offense in denying him parole. However, even the singular consideration of the nature of the inmate's underlying conviction offense does not violate due process.

> There is no question that the nature of the offense is a factor that the Parole Board may take into account when reviewing a parole request. Section 19 of the Parole Act, 61 P.S. § 331.19, requires the Board in granting paroles to consider, *inter alia*, "the nature and character of the offense committed." The precise question is whether that factor alone can be used to deny parole as a matter of general policy despite other factors that the Parole Board is directed to take into account including, *inter alia*, a parole applicant's conduct while in prison. In order to consider this argument, we must go behind the reasons stated for the parole refusal. . . .. In essence, the Parole Board has chosen to give great weight to one statutorily enumerated factor, and we believe that it has the discretion to give one factor great weight or even the entire weight. Moreover, parole reviews continue to be conducted and clearly the Parole Board retains the discretion to vary from the policy. Thus, we do not believe that the policy impermissibly acts to extend minimum sentences.

Stewart v. Pennsylvania Board of Probation and Parole, 714 A.2d 502, 507 (Pa. Commw. 1998). *See also* Evans v. Pennsylvania Board of Probation and Parole, 820 A.2d 904, 914 (Pa. Commw. 2003) ("it is prudent for the Board to consider the nature of the offense and other information

---

administering. *See* Reno v. Koray, 515 U.S. 50, 61 (1995); Chevron, 467 U.S. at 842; Labelle Processing Co. v. Swarrow, 72 F.3d 308, 313 (3d Cir. 1995).

used by the trial court" in order to "carry out its statutory duties to protect the public and ensure that an individual is sufficiently rehabilitated before he reenters society").[7]

Here, Petitioner has failed to make any allegations that demonstrate that the Board acted in an arbitrary fashion. As such, he is not entitled to habeas corpus relief as to this claim. *Accord* Schmalz v. Brooks, Civil No. 06-16 Erie, 2007 WL 1449805 (W.D. Pa. May 16, 2007).

### C. **Violent Offender Incarceration and Truth-In-Sentencing Grants**

Petitioner also claims that the Board has refused to parole him because it has a policy of requiring violent offenders to serve 85% of their maximum terms so that it would receive federal funds under the Violent Offender Incarceration and Truth-In-Sentencing Incentive Grants Act (VOI/TIS), 42 U.S.C. § 13701 *et seq*. Petitioner is not entitled to relief as to this claim for several reasons.

First, Petitioner has offered no evidence to substantiate this claim. Petitioner has the burden of setting forth sufficient facts to support each claim. Moreover, Rule 2(c) of the Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254, expressly provides, in part, that the petitioner "shall set forth in summary form the facts supporting each of the grounds" specified in the petition. Bald assertions and conclusory allegations do not afford a sufficient ground to provide habeas relief. Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 & n. 12 (3d Cir.), *cert. denied*, 502 U.S. 902 (1991); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir.), *cert. denied*, 484 U.S. 946 (1987). Petitioner's failure to sufficiently identify the facts upon which his VOI/TIS claim is based precludes habeas relief. *Accord* Reynolds v. Pennsylvania Bd. of Probation and Parole, 809 A.2d 426, 434 (Pa. Commw. 2002) (holding that petitioner failed to

---

7. The recodified Parole Act continues to permit the Board to consider the nature and circumstances of the offense committed when making parole decisions. *See* 61 Pa. Cons. Stat. §

- 11 -

substantiate his claim regarding an alleged Board policy of requiring violent offenders to serve 85 percent of their sentences in order to receive VOI/TIS funds).

Second, Petitioner's claim is apparently based his belief that the Board requires inmates to serve 85% of their maximum sentence in order to qualify for federal grants. This assertion is incorrect. While it is true that to qualify for federal TIS grants, a state must require certain violent offenders to serve not less than 85% of their sentence, *see* 42 U.S.C. §§ 13701-13712, and while it is also true that Pennsylvania qualifies for the federal grant program, Carter v. Muller, 45 F.Supp.2d 453, 456 (E.D. Pa. 1999)), it is not true that a violent offender in Pennsylvania must serve 85% of his maximum sentence in order for Pennsylvania to qualify for the TIS grants. Commonwealth v. Boyer, 856 A.2d 149 (Pa. Super. 2004). Pennsylvania qualifies for the federal program under 42 U.S.C. § 13704(a)(3)(A), which provides that a state is eligible for the grant when a person convicted of certain specified violent crimes serves on average, not less than 85 percent of the prison term established under that State's sentencing and release guidelines. Prisoners in Pennsylvania will serve 100 percent of his or her minimum sentence, thereby meeting the 85 percent criteria set forth in 42 U.S.C. § 13704(a)(3)(A). *See* Commonwealth v. Baldwin, 760 A.2d 883, 886 (Pa. Super. 2000). *Accord* Carter v. Muller, 45 F.Supp.2d 453, 456 (E.D. Pa.1999) (finding that Pennsylvania qualifies for the TIS grant under subsection (A) and therefore is not required to keep its prisoners imprisoned for 85 percent of their maximum terms.).

Third, and most important, Petitioner does not even fall within the scope of the VOI/TIS law. The crimes subject to the federal truth-in-sentencing grants are murder and non-negligent

6135.

manslaughter, forcible rape, robbery, and aggravated assault. *See* 42 U.S.C.§ 13701(2). It does not appear that Petitioner is serving any sentence imposed for any of those offenses. Thus, he is not entitled to habeas relief as to this claim.

### D. Pennsylvania's Crime of Violence Statute

As a final matter, Petitioner claims that the definition of "crime of violence" was improperly applied to him when he was considered for parole. In this regard, it appears that Petitioner is complaining that the Board improperly applied 61 Pa. Cons. Stat. 6137(f) in his case, which provides as follows. "Crimes of violence.--The board may not release on parole a person who is sentenced after February 19, 1999, and is serving a sentence for a crime of violence unless the person has received instruction from the Department of Corrections on the impact of crime on victims and the community." Under this statute, a "crime of violence" is defined in 42 Pa. Cons. Stat. § 9714(g) (relating to sentences for second and subsequent offenses), as follows.

> (g) Definition.--As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pacs § 3301(a) (relating to arson and related offenses), kidnaping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pacs § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

As Respondent points out, the definition of "crime of violence" contained in 42 Pa. Cons. Stat. § 9714(g) was not applied to Petitioner's case when he was denied parole. The Board does not claim, and has never claimed, that Petitioner was convicted of a "crime of violence" as defined in 42 Pa.C.S. § 9714(g) or that any of the relevant provisions in the Prisons and Parole Code were applied to him. Thus, he has not met his burden of showing that he is entitled to relief as to this claim.

### E. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Applying this standard to the instant case, the court concludes that Petitioner has failed to demonstrate any violation of his constitutional rights. Accordingly, a certificate of appealability will be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for a Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are

served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

August 15, 2011                     /s/ Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge
cc:     Christopher Iwanicki, FW-2272
        801 Butler Pike
        Mercer, PA 16137